## PALMER against WEST.

*Where A. hired a mare of B. which strayed away from the possession of A. and came into the possession of C. by delivery from D. who had taken her up, (C. claiming her as the property of a third person, who had lost a mare, which he had on requested to search for,) and A. brought an action on the case against C. for not complying with the requisites of the act concerning strays, it was held, that admitting that C. came within the act, which was very questionable, the plaintiff having sustained no injury by his negligence, could not support the action, and that, as his special property had ceased, before the mare came into the possession of C. the action, if sustainable at all, could only be brought by B. the owner of the mare.*

IN ERROR, on *certiorari*, from a justice's court. *West* brought a special action on the case, in the court below, against *Palmer*, and declared that he, *West*, about the 1st of *October*, 1813, hired a certain mare of one *James Latson*, and that the mare strayed from his possession, and came into the possesion of one *Newby*, and that while in his possession, *Palmer* claimed and took the said mare, as the property of some other person, and sold her, whereby he, the plaintiff, was put to great expense in searching for the mare, and had to pay for her twenty-two dollars and fifty cents. *Palmer* pleaded not guilty as to the selling the mare, and a justification as to the other matters; and the cause was tried by a jury. From the testimony it appeared that *West* hired the mare from *Latson* for a few days; that she strayed away from his possession, and was taken up by *Newby*, and remained in the possession of *Newby* for three weeks, and that while in his possesion, *Palmer*, who had been requested by one *Deyo* to look out for a stray mare which he had lost, claimed the mare in question, as answering the description given by *Deyo*, but on further inquiry he found that it was not his, and he then advertised her, and let one *Ver Valen* have her to keep; and some time after, *Latson* came and took her away. It appeared also that all the expenses incurred by *West* in searching for the mare, accrued while she was in the possession of *Newby*, and before *Palmer* had taken her. There was a good deal of contradictory evidence, whether *Palmer* sold the mare or not: several witnesses swore that he had confessed to them that he had sold her to *Ver Valen*, but *Ver Valen* swore that he never had; and it appeared that she was delivered up to *Latson* immediately on his claiming her. It appeared that *West* paid

*Latson* twenty-two dollars and fifty cents, and was at some other expense in searching for the mare.   It is however to be inferred from the evidence, that the right of property still remained in *Latson*, for the mare was proved to be worth fifty dollars, and *Latson* came and took her away from *Ver Valen.* The jury gave a verdict for the plaintiff for twenty-five dollars, on which the justice gave judgment.

*Per Curiam.*    This suit was not attempted to be supported as an action of trover, but as a special action on the case for negligence in not complying with the requisites of the act concerning strays. (2. N. R. L. 231.) It was necessary, therefore, for the plaintiff to show, both the negligence and the injury sustained by him in consequence thereof.   It may very well be questioned whether the defendant could be considered as coming within the act.   The mare did not come into his possession as a stray; he claimed and received her as the property of *Deyo:* but admitting that after he discovered that she was not, he was bound to treat her as a stray, and that he did not comply with the requisites of the statute, the plaintiff has sustained no injury in consequence of it.   All the trouble and expense incurred by him was whilst she was in the possession of *Newby*, and his claim, if any he has, must be against him.   The special property or right of possession in *West* did not, according to the proofs, exceed five or six days; and this time expired long before the mare came into the possession of *Palmer;* and if he is answerable to any person for negligence in not complying with the requisites of the statute, it must be to *Latson*, who was the owner of the property; the recovery, therefore, in this action, cannot be sustained, and the judgment must be reversed.

Judgment reversed.